RAILROAD POLICE — WEAPONS Railroad policemen employed and performing duties pursuant to 66 O.S. 183 [66-183] (1971) may carry firearms. Any person registered by a lawfully recognized governmental entity authorized by statute or ordinance to register security guards would be considered a "registered security officer" under 21 O.S. 1289.8 [21-1289.8] (1971). Since a railroad policeman has the powers of a peace officer, it is not necessary to determine whether a railroad policeman is a "registered security officer." It is clear that a railroad policeman comes within the "law enforcement officer" exception contained in Section 21 O.S. 1289.8 [21-1289.8] (1971). Title 21 O.S. 1289.2 [21-1289.2] (1971) does not constitute a grant of authority to carry and use firearms. Although corporate property is entitled to the same protection as property belonging to an individual, a person using or carrying a firearm to defend or protect corporate property must do so in conformity with the statutes and case law. The Attorney General has considered your request for an opinion wherein you ask the following questions: "1. Can a railroad policeman, while employed and performing duties under 66 O.S. 183 [66-183] carry and use firearms? "2. What is a 'registered security officer' under 21 O.S. 1289.8? "3. Does a `registered security officer' as mentioned in 21 O.S. 1289.8 [21-1289.8], include a railroad policeman? "4. Does the 21 O.S. 1289.2 [21-1289.2] exception pertaining to defense of one's property include 'corporate property', and, if so, what corporate person is entitled to point one or all of the mentioned firearms at another person in defense of the corporate property?" In considering your first question, reference should be made to 66 O.S. 183 [66-183] which provides: "Railway companies organized under the laws of this State, or doing business within the State, are hereby authorized and empowered at their own expense to appoint and employ policemen at such stations or other places on the lines of their railroads within this State, as said companies may deem necessary for the protection of their property, and the preservation of order on their premises, and in and about their cars, depots, depot grounds, yards, buildings or other structures; and said policemen shall have power and authority to arrest, with or without warrant, any person or persons who shall commit any offense against the laws of this State, or the ordinances of any town, city, or other municipality when such offense shall have been committed upon the premises of said companies, or in and about their cars, depots, depot grounds, yards, buildings, or other structures; and shall also have the authority of sheriffs, constables and peace officers in regard to the arrest and apprehension of any such offenders, in or about the premises or appurtenances of aforesaid; but in case of the arrest by said policemen of any person without warrant, they shall forthwith take such offender before some justice of the peace or other magistrate having jurisdiction, and make complaint against said offender according to law. Nothing herein contained shall be construed as restricting the lawful rights, powers or privileges of any sheriff, constable, policeman, or peace officer within their respective jurisdiction, and for the official acts of such policeman or policemen the railroad company making such appointment shall be held responsible to the same extent as for the acts of any of its general agents or employees." Title 21 O.S. 1289.6 [21-1289.6](6) (1971) provides: "A person shall be permitted to carry shotguns, rifles or pistols open and not concealed, under the following conditions: * * * "6. Going to or coming from a recognized police function of either a municipal, county, or state government as functioning police officials;" Also, 21 O.S. 1289.8 [21-1289.8] (1971) provides: "It shall be unlawful for any person, except a law enforcement officer, a registered security officer or a person employed by an armored car firm licensed by the Corporation Commission, to carry a concealed weapon other than permitted by this act." It is clear that the Legislature specifically denominated "railroad policemen" as peace officers. Since they are peace officers under the law, railroad policemen have the same powers as any other peace officer concerning the carrying of weapons and the use of firearms. It would also appear that said "railroad policemen" are required to comply with 70 O.S. 3311 [70-3311] (1975) providing for the testing and training of peace officers, and a person may not be appointed as a "railroad policeman" unless said person holds a certificate from the Southwest Center for Law Enforcement Education and Training. As to your second question, the Legislature did not define "registered security officer" as used in Section 21 O.S. 1289.8 [21-1289.8] above. The clear meaning of " security officer " contemplates a private person who is employed or charged with the duty of securing or protecting persons or property. A search of the statutes does not reveal that an agency was established to register security guards pursuant to this act. However, there are governmental agencies, such as municipalities, that do register security guards. Any person so registered by any lawfully recognized governmental entity, such as a municipality, authorized by statute or ordinance to register security guards would be considered a "registered security officer" for purposes of 21 O.S. 1289.8 [21-1289.8] (1971). In answer to your third question it should be noted that a railroad policeman's status is set out specifically in the statute as having the powers of a peace officer within the limits prescribed by 66 O.S. 183 [66-183] (1971). Since a railroad policeman has the powers of a peace officer, it is not necessary to determine whether a railroad policeman is a "registered security officer". It is clear that a railroad policeman comes within the "law enforcement officer" exception contained in Section 21 O.S. 1289.8 [21-1289.8]. In your fourth question you refer to an "exception" contained in 21 O.S. 1289.2 [21-1289.2] (1971) pertaining to the defense of one's property. Section 21 O.S. 1289.2 [21-1289.2] provides: "The Legislature finds as a matter of public policy and fact that it is necessary for promotion of the safe and lawful use of firearms to curb and prevent crime wherein weapons are used by enacting legislation having the purpose of control of use of firearms, and of prevention of their use, without unnecessarily denying their lawful use in defense of life, home and property, and their use by the United States or state military organizations and as otherwise provided by law, included their use and transportation for lawful purposes." (Emphasis added) It is clear that Section 21 O.S. 1289.2 [21-1289.2] is a statement of legislative policy and that the section does not in and of itself grant to anyone the authority to carry and use firearms. The section, in its statement that firearms may be used "in defense of life, home and property," relates to the lawful use of firearms prescribed elsewhere in the statutes. Whether an individual may carry and use a firearm in defense of "corporate" property, must be determined from a reading of other sections of the law. For instance, there is no doubt that if an employee of a corporation was registered as a security officer with the appropriate governmental entity, he would be able to carry a weapon, concealed if he wished, for the purpose of defending his employer's property. See 21 O.S. 1289.8 [21-1289.8] (1971). The use of firearms or deadly force in the protection of property against trespass has been somewhat limited by the case law. In this regard see Turpen v. State, 89 Okl. Cr. 6, 204 P.2d 298
(1949); Hovis v. State, 83 Okl. Cr. 299, 176 P.2d 833
(1947); Grindstaff v. State, 82 Okl. Cr. 31, 165 P.2d 846
(1946); Hare v. State, 58 Okl. Cr. 420, 54 P.2d 670
(1936); Schmitt v. State, 57 Okl. Cr. 102, 47 P.2d 199
(1935); Reed v. State, 2 Okl. Cr. 589, 103 P. 1042 (1909); Fulton v. State, 36 Okl. Cr. 358, 254 P. 761 (1927); Ging v. State, 31 Okl. Cr. 428, 239 P. 685 (1925). There is no doubt that "corporate" property is entitled to the same protection as is property belonging to an individual. It is also apparent that the defense of "corporate" property must be consistent with the statutes and case law. One carrying or using a firearm must do so in conformity to 21 O.S. 1289.6 [21-1289.6], 21 O.S. 1289.8 [21-1289.8] and 21 O.S. 1289.16 [21-1289.16] (1971). In using a firearm to defend or protect "corporate" property, a person is subject to the case law and statutes hereinabove discussed. It is, therefore, the opinion of the Attorney General that your first question be answered in the affirmative in that railroad policemen employed and performing duties pursuant to 66 O.S. 183 [66-183] (1971) may carry firearms. As to your second question, it is the Attorney General's opinion that any person registered by a lawfully recognized governmental entity authorized by statute or ordinance to register security guards would be considered a "registered security officer" under 21 O.S. 1289.8 [21-1289.8] (1971). Your third question must be answered in the following manner: Since a railroad policeman has the powers of a peace officer, it is not necessary to determine whether a railroad policeman is a "registered security officer." It is clear that a railroad policeman comes within the "law enforcement officer" exception contained in Section 21 O.S. 1289.8 [21-1289.8]. Your fourth question must be answered in the following manner: Title 21 O.S. 1289.2 [21-1289.2] (1971) does not constitute a grant of authority to carry and use firearms. Although corporate property is entitled to the same protection as property belonging to an individual, a person using or carrying a firearm to defend or protect corporate property must do so in conformity with the statutes and case law. (Michael Cauthron) ** SEE: OPINION NO. 78-157 (1978) **